IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-815C |
| v. | ) | |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, Grunley-Walsh, LLC (“Grunley-Walsh”), defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in the first and second sentences of paragraph 1 constitute conclusions of law, and plaintiff’s characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the third sentence of paragraph 1 constitute conclusions of law, and plaintiff’s characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted.

2. Denies the allegations in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies the allegation contained in the first sentence of paragraph 4 that on May 6, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Avers that on May 13, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Admits the remaining

allegations contained in the first sentence of paragraph 1 to the extent supported by Contract No. 1443CX305998901, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the third sentence of paragraph 4.

5. Denies the allegation contained in the first sentence of paragraph 5 that Contract Modification No. 7 was dated November 15, 2001. Avers that Contract Modification No. 7 was dated November 21, 2001, and was effective November 15, 2001. Admits the remaining allegations contained in paragraph 5 to the extent supported by Modification No. 7, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6. Admits the remaining allegations contained in paragraph 6 to the extent supported by Task Order 35, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 6.

7. Denies the allegations in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that the Olin Partnership is a subcontractor of Grunley-Walsh.

8. The allegations contained in paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the October 18, 2006 letter cited, which is the best evidence of its contents;

otherwise, denies the allegations contained in the first sentence of paragraph 9. Denies the allegations contained in the second sentence of paragraph 9. The allegations contained in the third sentence of paragraph 9 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Denies. Avers that with Task Order 28, "Schematic Design, Design Development, and Supplemental Services for the Washington Monument Vehicle Barrier System and Underground Visitor Screening Facility," the National Park Service transmitted drawings to Grunley-Walsh.

13. Admits the allegations contained in paragraph 13 to the extent supported by the "background drawings" cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 13. Avers that it is not clear which "background drawings" plaintiff is referencing. Denies that the illustration below paragraph 13 is an excerpt from any drawing issued by the National Park Service.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Denies the allegations contained in the first sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 15 that the PEPCO line was located in a slightly different horizontal location than referenced on the drawings provided to Grunley-Walsh by the National Park Service in connection with Task Order 28; admits the allegation contained in the second sentence of paragraph 15 that the elevation of the PEPCO electrical line was not deep enough to avoid conflict with the new wall footings; denies the remaining allegations contained in the second sentence of paragraph 15. Denies that the drawing excerpt referenced in the second sentence of paragraph 15 is an excerpt from any drawing issued by the National Park Service. Avers that the new wall footings were designed by Grunley-Walsh or a subcontractor of Grunley-Walsh.

16. Denies the allegations contained in the first sentence of paragraph 16. Denies the allegation contained in the second sentence of paragraph 16 that PEPCO would not permit a lowering of the electrical line. Denies the allegation contained in the second sentence of paragraph 16 that PEPCO would not permit a "simple" lowering of the electrical line for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegation contained in the third sentence of paragraph 16 that a new section of the line was relocated to avoid interference with the footings for the new wall to be installed; denies the remaining allegations contained in the third sentence of paragraph 16. Avers that a new section of the PEPCO line had to be installed as a result of Grunley-Walsh hitting the existing line.

17. Denies the allegations contained in the first sentence of paragraph 17. Avers that the National Park Service did not issue task orders to the Olin Partnership. Denies the

allegations contained in the second sentence of paragraph 17 as to what plaintiff "believed," for lack of knowledge or information sufficient to form a belief as to their truth; denies that any belief that Grunley-Walsh may have had that it would be provided with an equitable adjustment for relocating the PEPCO line was reasonable.

18. Admits the allegations contained in paragraph 18 to the extent supported by the drawings cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 18.

19. Denies.

20. Denies the allegation contained in the first sentence of paragraph 20 that the work constituted "change work;" admits the remaining allegations contained in the first sentence of paragraph 20 to the extent supported by the letter cited, which is the best evidence of its own contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 20. Denies the allegations contained in the second sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Denies the allegation contained in paragraph 21 that the work constituted "change work;" admits the remaining allegations contained in paragraph 21 to the extent supported by the September 28, 2006 Certified Claim cited, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 21.

22 [first]. The allegations contained in paragraph 22 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22 [second]. Defendant's responses to paragraphs 1 through 22 of the complaint are incorporated by reference.

23. The allegations contained in paragraph 23 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 27, or to any relief whatsoever.

29. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

30. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

31. Plaintiff's claims are totally or partially barred by accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

January 30, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle