IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-721C, 06-723C, 06-815C, |
| v. | ) | 06-816C, 06-837C, 07-085C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Lettow) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION TO CONSOLIDATE AND DEFENDANT'S MOTION TO STAY PROCEEDINGS

Pursuant to Rules 42 and 42.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court consolidate the above-captioned cases for all purposes. Counsel for defendant has consulted with counsel for plaintiff, and counsel for plaintiff has represented that plaintiff does not oppose this motion to consolidate. See also Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-723C ¶ 1; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-815C ¶ 1; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-816C ¶ 1; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-837C ¶ 1; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-085C ¶ 1.

In addition, pursuant to RCFC 1, defendant respectfully requests that the Court stay the above-captioned cases until a final decision has been issued by the contracting officer on Grunley-Walsh's remaining claims pending before the contracting officer, which relate to the contract that is the subject of the above-captioned cases. The majority of Grunley-Walsh's claims pending before the contracting officer also relate to the task order under the

contract that is the subject of the above-captioned cases. Counsel for defendant has contacted counsel for plaintiff, and counsel for plaintiff has represented that plaintiff opposes the motion to stay.

## I. Defendant's Unopposed Motion to Consolidate

### A. Standard for Consolidation

RCFC 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

RCFC 42(a). The Court has broad discretion to determine whether consolidation is appropriate. Wolfchild v. United States, 72 Fed. Cl. 511, 526 (2006); Cienega Gardens v. United States, 62 Fed. Cl. 28, 32 (2004)(citing Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2nd Cir. 1990). Where common questions of law or fact are involved and consolidation would avoid unnecessary costs, consolidation is encouraged. Cienega Gardens, 62 Fed. Cl. at 32. Identical claims are not required for consolidation. Wolfchild, 72 Fed. Cl. at 527. In determining whether consolidation is appropriate, the court must weigh the risks of prejudice and possible confusion against "the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Boston Edison Co. v. United States, 67 Fed. Cl. 63, 65-66 (2005) (quoting Cienega Gardens, 62 Fed. Cl. at 31). The Court should take the positions of the parties into account in its analysis but need not accord the parties' views dispositive weight. Entergy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 802 (2004).

B. Background

On May 13, 1998, the Department of the Interior, National Park Service, awarded Grunley-Walsh Contract No. 1443CX305998901. Pursuant to Modification No. 7 to Contract No. 1443CX305998901, which was effective November 15, 2001, the General Provisions of the contract were deleted and were replaced with revised contract clauses, including provisions of the Federal Acquisition Regulation ("FAR"). In addition, Modification No. 7 revised the scope of Contract No. 1443CX305998901 to allow for design-build services for structures ensuring and maintaining the physical security of the Washington Monument.

On April 11, 2002, the contracting officer for Contract No. 1443CX305998901 issued Task Order T3059989128 ("Task Order 28"), pursuant to which Grunley-Walsh was to provide all labor, equipment, and supplies necessary to develop preliminary design documents for the design of an underground visitor screening facility and a vehicle barrier system for the Washington Monument. Task Order 28 was modified upon six occasions.

On December 5, 2003, the contracting officer issued Task Order T305998135 ("Task Order 35"), pursuant to which Grunley-Walsh was to construct and install an above-ground vehicle security barrier system and perform related work for the Washington Monument. Task Order 35 was modified upon ten occasions.

C. Argument

Plaintiff and defendant both agree that Grunley-Walsh's cases should be consolidated. The cases should be consolidated because all five cases involve the same parties, the same contract, ("Contract 1443CX305998901"), and the same task order issued pursuant to the contract ("Task Order 35"). In Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-721C,

plaintiff seeks an equitable adjustment for clean-up work for flood damage to the basement of the Survey Lodge of the Washington Monument through an abandoned underground steam tunnel, which occurred during plaintiff's performance of Task Order 35. In Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-723C, plaintiff seeks an equitable adjustment for work relating to the installation of an irrigation system pursuant to Task Order 35 that plaintiff alleges constituted change work. Among other things, plaintiff seeks an equitable adjustment because it alleges that it encountered "unforeseen building foundations" while excavating trenches for the irrigation mains and laterals. See Grunley-Walsh LLC v. United States, Fed. Cl. No. 06-723C ¶¶ 22-24. Furthermore, plaintiff seeks an equitable adjustment for providing irrigation for sod that was installed pursuant to Task Order 35. Id. ¶¶ 26-30. In Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-815C, plaintiff seeks an equitable adjustment for relocating an electrical line that plaintiff alleges was not adequately represented in background drawings. In Grunley-Walsh LLC v. United States, Fed. Cl. No. 06-816C, plaintiff seeks an equitable adjustment for performing grading, paving, and drainage work that plaintiff alleges constituted change work. In Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-837C, plaintiff seeks an equitable adjustment for unsuitable soil conditions, which plaintiff alleges constituted differing site conditions. In Grunley-Walsh LLC v. United States, Fed. Cl. No. 07-85C, plaintiff seeks an equitable adjustment for adjustment, relocation, and accommodation of subsurface utilities that Grunley-Walsh alleges were not adequately displayed upon background drawings.

A fair resolution of the issues raised in plaintiff's complaints will be difficult, if not impossible, if the claims are litigated and adjudicated separately, as all of the claims relate to requests for equitable adjustments pursuant to the same task order and the same contract. In

addition, many of plaintiff's complaints advance similar legal claims. For example, in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-723C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-815C, and Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-85C, plaintiff alleges that it is entitled to equitable adjustments for unforeseen subsurface conditions on the project site. The Government currently intends to advance the same legal defenses to many of plaintiff's claims. In addition, because all of Grunley-Walsh's claims involve the same contract and the same task order, the Government is concerned that because a number of Grunley-Walsh's claims overlap, litigating the claims separately could potentially result in duplicative judgments.

Furthermore, it will be more economical and efficient to conduct discovery, pre-trial proceedings, and trial in these cases together. This is particularly true in view of the fact that many of the relevant documents and the vast majority of witnesses are likely to be the same in all of these cases. For the foregoing reasons, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-721C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-723C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-815C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-816C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-837C, and Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-85C should be consolidated.

## II. Defendant's Motion To Stay

Defendant also respectfully requests that the Court stay these cases until the contracting officer has issued a final decision upon Grunley-Walsh's remaining claims relating to Contract No. 1443CX305998901 pending before the contracting officer.

A. Standard of Review

RCFC 1 provides that the rules of this Court shall be construed and administered to secure "the just, speedy, and inexpensive determination of every action." RCFC 1. The power to stay proceedings is incidental to the power inherent in every Court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants, and is within the discretion of the Court. Landis v. N, Am. Co., 299 U.S. 248, 255 (1936); Hansen v. United States, 65 Fed. Cl. 76, 119 (2005). Suspension of judicial proceedings may be appropriate to serve the interest of judicial economy and to avoid duplication of effort and the possibility of inconsistent results. Cellco P'Ship v. United States, 54 Fed. Cl. 260, 262 (2002); Cooley v. United States, 219 Ct. Cl. 587, 588 (1979).

B. Background

A background discussion of the manner by which plaintiff's claims came before this Court is essential to understanding why a stay is appropriate in these cases. As the work under this contract has progressed over a number of years, so too have a number of issues, some big, some small, which have now evolved into disputes. These could be addressed by the contracting officer in a manageable, organized manner. Grunley-Walsh, however, has chosen another approach.

On July 17, 2006, the contracting officer received a certified claim from Grunley-Walsh in the amount of $183,409. That claim is now the subject of Grunley-Walsh's complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. 06-721C. By letter dated September 15, 2006, the contracting officer advised Grunley-Walsh that a final decision would be issued on the claim by October 16, 2006. See Ex.1

On August 16, 2006, the contracting officer received a certified claim from Grunley-Walsh in the amount of $742,452. That claim is now the subject of Grunley-Walsh's complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. 06-723C. By letter dated October 6, 2006, the contracting officer advised Grunley-Walsh that a final decision would be issued on the claim by December 8, 2006. See Ex. 2.

On September 29, 2006, the contracting officer received a certified claim from Grunley-Walsh in the amount of $38,428. That claim is now the subject of Grunley-Walsh's complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. 06-815C. On September 29, 2006, the contracting officer also received another certified claim from Grunley-Walsh in the amount of $60,708. That claim is now the subject of Grunley-Walsh's complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. 06-816C. On October 10, 2006, the contracting officer received another certified claim from Grunley-Walsh in the amount of $56,919. That claim is now the subject of Grunley-Walsh's complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. 06-837C.

On October 19, 2006, the contracting officer received a certified claim from Grunley-Walsh in the amount of $134,179. On January 31, 2007, the contracting officer issued a final decision denying Grunley-Walsh's claim. On February 2, 2007, plaintiff filed a complaint in this Court appealing the contracting officer's final decision. In its complaint, plaintiff represented that the February 2, 2007 complaint should be consolidated with Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-723C; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-815C; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-816C; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-837C. See Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-085C ¶ 1. Defendant's answer in that case is due on April 3, 2007.

Those complaints, however, represent only a portion of Grunley-Walsh's claims upon this contract. On January 3, 2007, the contracting officer received a certified claim from Grunley-Walsh for $525,300 relating to Contract 1443CX305998901, seeking an equitable adjustment in the amount of $525,300 for Grunley-Walsh billings that had been rejected by the National Park Service. See Ex. 3 (attachments to claim not included). The contracting officer will issue a final decision on this claim by May 1, 2007. See Ex. 4.

On January 17, 2007, the contracting officer received three more claims from Grunley-Walsh relating to Task Order 35 of Contract 1443CX305998901, seeking an equitable adjustments for additional work that Grunley-Walsh alleges that it was required to perform during the course of its work under Task Order 35. See Exs. 5, 6, 7 (attachments to claim not included). One claim sought $12,244, another sought $15,242, and a third sought $25,546. Id. A contracting officer's final decision will be issued on these claims by March 18, 2007. On January 22, 2007, the contracting officer received another claim for $21,397 from Grunley-Walsh relating to Task Order 35, seeking an equitable adjustment in the amount of $21,379. See Ex. 8 (attachments to claim not included). A contracting officer's final decision will be issued on this claim by March 23, 2007. Still, these claims do not represent the entire sum of Grunley-Walsh's claims upon this contract.

On January 25, 2007, the contracting officer received a claim for $25,702 from Grunley-Walsh relating to Task Order 35 of Contract 1443CX305998901. See Ex. 9 (attachments to claim not included). A contracting officer's final decision will be issued on this claim by March 27, 2007. On January 30, 2007, the contracting officer received a certified claim for $259,863 from Grunley-Walsh relating to Task Order 35. See Ex. 10 (attachments to claim not included).

The contracting officer will either issue a final decision on this claim by March 31, 2007, or specify a date certain by which a final decision will be issued.

Then, on February 20, 2007, the contracting officer received yet another a certified claim for $210,000 from Grunley-Walsh relating to Task Order 35. See Ex. 11 (attachments to claim not included). The contracting officer will either issue a final decision on this claim by April 23, 2007, or specify a date certain by which a final decision will be issued. We are currently unaware whether the parade of claims by Grunley-Walsh has ended.

C. Argument

Grunley-Walsh's decision to submit fourteen separate requests for equitable adjustments under the same contract over a period of seven months has made it impossible for the contracting officer to issue a comprehensive final decision on Grunley-Walsh's claims. After the first five claims, Mr. Bassem Soueidan, the Operations Manager of Grunley-Walsh, informed the contracting officer that he could expect to receive several more claims totaling approximately one million dollars. See Ex. 12. Accordingly, on October 18, 2006, the contracting officer sent a letter to Mr. Soueidan, informing him that because Grunley-Walsh intended to submit more claims regarding the contract, and because all of the claims related to the same task order, they would be considered as one and a single contracting officer's final decision would be issued after the contracting officer had received the final claim in the series. See id. In an attempt to organize consideration of those claims, the contracting officer requested that Grunley-Walsh either submit all claims within 30 days after receiving the letter, or inform the contracting officer when he could expect to receive the last of the claims. Id. Such an approach should assist

Grunley-Walsh in the presentation of such claims, as much as assist the contracting officer in reviewing them.

The contracting officer's reason for requesting that all claims relating to the task order be submitted before a final decision could be issued is clear. On the contracting officer's side, a fragmented and multiple claim approach to a basic unitary claim serves to impede effective consideration of the basis for the contractor's entire claim, since it is presented in a piecemeal fashion. See Warchol Constr. Co., Inc. v. United States, 2 Cl. Ct. 384, 392 (1983). Clearly it is more difficult for the parties to assess the interrelation of these claims, where that exists, or to evaluate the larger implications of the contractor's basic claim. Furthermore, submitting claims in a piecemeal fashion discourages settlement, since the full monetary impact of the basic unitary claim is not known until the final fragmented claim is presented. Id. It would only be when the final claim is presented that settlement could realistically be discussed, since it is at that time that "all the cards are on the table." Id.

Instead of advising the contracting officer when he could expect to receive the last of the claims relating to Task Order 35, Grunley-Walsh filed complaints in this Court, No. 06-721C on October 19, 2006, No. 06-723C on October 20, 2006, Nos. 06-815C and 06-816C on December 1, 2006, and No. 06-837C on December 11, 2006. Plaintiff has taken the position that its claims are deemed denied, because the contracting officer has not provided a time/date certain as to when final decisions on its claims will be issued.[1] See No. 06-723C ¶ 9; No. 06-815C ¶ 9; No.

[1] Plaintiff is incorrect. Defendant may move to dismiss several of plaintiff's claims for lack of subject matter jurisdiction because plaintiff has filed complaints on claims when it did not submit a complete claim to the contracting officer or allow the contracting officer 60 days within which to issue a final decision on the complete claim or to state a date certain by which a final decision would be issued, in the event that the complete claim exceeded $100,000. See 41 U.S.C. §

(continued...)

06-816C ¶ 10; No. 06-837C ¶ 9. Accordingly, both the parties and the Court are deprived of the benefit of the administrative process specified by the Contract Disputes Act ("CDA"), which provides the contracting officer the opportunity to investigate and assess a claim, to determine whether the contractor is entitled to additional payment, and to issue a final decision with specific findings of fact on each of plaintiff's certified claims. This process should be allowed to proceed, not simply because it is required by the CDA, but in order to narrow the issues in litigation in these cases.

By the dates specified above, the contracting officer will either issue final decisions on plaintiff's remaining claims that are not yet in litigation before this Court, or for claims exceeding $100,000, specify a time by which a final decision will be issued. If plaintiff is not satisfied with the contracting officer's decisions on those claims, undoubtedly, plaintiff will file additional complaints before the Court, as plaintiff has done with the claim that the contracting officer denied on January 31, 2007. Since plaintiff agrees that these cases should be consolidated, it can achieve that simple task of case management by filing one complaint rather than require the Court to perform that task with eight separate filings on its docket.

Moreover, as Grunley-Walsh acknowledges, any new complaint should be consolidated with plaintiff's other claims pending before the Court. This is necessary so that the parties and the Court can address all of plaintiff's claims, which involve the same parties, the same contract, and many of the same relevant documents and witnesses, in an efficient, consolidated, and unified fashion. It is not in the interest of either the parties or the Court to conduct litigation

---

[1](...continued)
605(c). Subject matter jurisdiction may be challenged at any time by a party. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

regarding the same contract and the same task order in a piecemeal fashion. It would conserve judicial resources, and the time and expense of the parties, if the Court would stay proceedings in plaintiff's cases before the Court until the contracting officer has issued final decisions on the remaining claims pending before the contracting officer.

If the cases currently before the Court are not stayed while final decisions are issued upon the claims still pending before the contracting officer, it will be more difficult to consolidate additional cases when they are filed, because in the prior cases, a joint preliminary status report will have been filed, a discovery schedule will have been established, and discovery may have commenced. If plaintiff's additional claims come before the Court in this piecemeal fashion, even if they are consolidated with the cases currently pending, much of the work that the parties and the Court will have done on the prior cases will need to be revised or redone. Therefore, it is more efficient, and reasonable, to stay the cases pending before the Court until plaintiff's additional claims come before the Court so that all of plaintiff's claims relating to Contract 1443CX305998901 can be addressed together by the Court and the parties.

It is worth noting that the duration of the requested stay would be relatively brief. It is expected that the contracting officer will have issued final decisions on the majority of the claims (if not all of the claims) that plaintiff has submitted by May 1, 2007. For plaintiff's claim submitted on January 30, 2007, the contracting officer will either issue a final decision by March 31, 2007, or specify a reasonable time within which a final decision will be issued. For plaintiff's claim submitted on February 20, 2007, the contracting officer will either issue a final decision by April 23, 2007, or specify a reasonable time within which a final decision will be issued. Thus, defendant is not requesting a lengthy stay to create unreasonable delay, but rather,

a short stay that would ultimately benefit both parties by requiring them to prepare a single joint preliminary status report and discovery plan, rather than revising the joint preliminary status report and discovery plan multiple times if new cases are filed and consolidated with the cases currently pending before the Court. It is simply unreasonable for the Court to administer multiple discovery plans in cases with the same documents and witnesses.

It is also worth noting that plaintiff has already recognized the interrelated nature of these claims. In plaintiff's complaints that have been filed before this Court, plaintiff states that the claims are related and should be consolidated.[2] See also Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-723C ¶ 1; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-815C ¶ 1; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-816C ¶ 1; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-837C ¶ 1; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-785C ¶ 1. In addition, plaintiff chose to certify plaintiff's claims currently pending before the contracting officer for less than $100,000, because the "aggregate of the claims Grunley-Walsh submitted on this project has exceeded $100,000 . . . ." See Exs. 5, 6, 7, 8, 9. Given that both parties recognize that the claims are related and should be addressed jointly, a stay to permit all of plaintiff's claims to come before the Court and be litigated together is reasonable.

**CONCLUSION**

This Court possesses the inherent authority to issue a stay of proceedings in order to control its docket and to ensure judicial economy. Carter v. United States, 62 Fed. Cl. 365, 370 (2004). Accordingly, in the interest of conserving judicial resources, and the time and expense of

[2] Despite this, plaintiff did not file a motion to consolidate the cases or inquire whether defendant agreed that the cases should be consolidated.

the parties, defendant respectfully requests that the Court stay proceedings in plaintiff's cases before the Court until the contracting officer has issued final decisions on plaintiff's additional, related claims pending before the contracting officer. Defendant further respectfully proposes that, within 20 days of the contracting officer issuing his final decision in the series of claims, the parties submit to the Court a joint status report proposing a schedule for further proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

March 8th, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March 2007, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION TO CONSOLIDATE AND DEFENDANT'S MOTION TO STAY PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle